**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 6, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

—————————

**No. 03-60220**
**Summary Calendar**

—————————

**RAIF DIKA; ARTA DIKA,**

**Petitioners,**

**versus**

**JOHN ASHCROFT, U.S. ATTORNEY GENERAL,**

**Respondent.**

—————————————————————————————————

**Petition for Review of an Order of the**
**Board of Immigration Appeals**
**BIA No. A77-241-871**

—————————————————————————————————

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raif Dika petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his applications for asylum and withholding of removal and for relief under the Convention Against Torture.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When, as here, the BIA summarily affirms without opinion and essentially adopts the IJ's decision, we review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Dika argues that the IJ's determination that his testimony was not credible is in error because the inconsistencies relied on by the IJ did not exist and, therefore, cannot provide the basis for an adverse credibility determination. Dika has not demonstrated that the record compels a conclusion contrary to that of the IJ and therefore has not provided a basis for this court to replace the IJ's determinations concerning credibility or ultimate factual findings based on credibility determinations with its own determinations. Id. at 906.

Review of the record reveals that the IJ's determination that Dika failed to demonstrate that he is entitled to asylum is supported by substantial evidence. The burden of proof for withholding of removal under the Immigration and Nationality Act and under the Convention Against Torture is a higher standard than asylum. Failure to satisfy the less demanding asylum standard is, a fortiori, a failure to demonstrate eligibility for withholding of removal. Efe, 293 F.3d at 906. Accordingly, Dika has not demonstrated that he is entitled to relief.

Dika further argues that his case did not meet the BIA's requirements for issuance of an affirmance without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). Because the decision of the IJ was correct and does not raise any substantial factual or legal

2

questions on appeal, the decision met the criteria for a summary affirmance pursuant to 8 U.S.C. § 1003.1(4).

The petition for review is therefore **DENIED**.